# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. SHAVERS, #N-50552, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-0909-MJR |
| JOHN M. DAVIS, AARON J. LOCHMANN, DAVID LEE BERTELS, ALAN M. THROM, and OFFICER J. HUNT, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael S. Shavers, formerly an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the incident that led to Plaintiff's arrest and subsequent conviction. Plaintiff is now serving a term of mandatory supervised release, following his incarceration on a three year sentence for theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action shall be dismissed.

**The Complaint**

Plaintiff alleges that on October 29, 2009, he stole a watch from Butterfield Jewelers in Collinsville, Illinois, and fled from the store on foot. He was hit by a pickup truck, which struck him in the lower back and right hip area, but he continued to run a short distance. After Plaintiff stopped, he was tackled and knocked to the ground by Defendant Davis, which caused pain to shoot up Plaintiff's spine and lower back area. Defendants Lochmann, Throm, and Bertels then dove on top of Plaintiff while he was lying on the ground, and he alleges that their actions caused him severe emotional distress.

Plaintiff was then arrested, and while he was being booked by Defendant Hunt, he requested medical attention. Defendant Hunt failed to obtain any medical attention for Plaintiff, which he alleges caused him severe emotional distress.

Plaintiff claims that he later learned from a prison doctor that he has degenerative disc disease and complications from a damaged sciatic nerve, which Plaintiff attributes to the injury he sustained when he was tackled by Defendant Davis.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Excessive Force**

Plaintiff contends that the actions of Defendants Davis, Lochmann, Throm, and Bertels violated his civil rights when they used excessive force to effectuate his arrest. Plaintiff does not identify the employers of these Defendants in his complaint, however, it is clear from the Incident Reports (Doc. 1-1) attached as exhibits to the complaint, that each of these Defendants is a civilian and none is an agent of the state or any local government. The incident reports describe them as "a few men who were in the area working construction on West Main Street [who] chased after the suspect [Plaintiff]" (Doc. 1-1, p. 3). These four Defendants are later identified in the report as witnesses, who responded after the owner of the jewelry store (Mr. Butterfield) asked for help to apprehend the robbery suspect (Doc. 1-1, p. 7-11). One Defendant called police after they caught Plaintiff and were holding him down (Doc. 1-1, p. 10-11). There is no indication in the complaint

or exhibits that any of these Defendants were acting at the request of a police officer or other government official when they chased and apprehended Plaintiff.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.
> . . .
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). The complaint is devoid of any allegation that Defendants Davis, Lochmann, Throm, and Bertels were acting under color of state law. Plaintiff's exhibits clearly show that these individuals were private citizens responding to a call for help from another private citizen and cannot be considered "state actors." *See Profitt v. Ridgeway*, 279 F.3d 503, 508 (7th Cir. 2002) (a bystander does not become a state actor by rendering "brief, ad hoc assistance" to a public officer); *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989) (private party does not become a state actor by calling on the law for assistance). Thus, Plaintiff has failed to state a constitutional claim against these Defendants.

Whether Plaintiff may have a state tort cause of action against any of these Defendants is a matter to be determined in state court, should Plaintiff decide to pursue the matter there. Accordingly, Plaintiff's claims against Defendants Davis, Lochmann, Throm and Bertels are dismissed without prejudice to Plaintiff filing an action against them in state court should he so desire.

## Count 2 - Deliberate Indifference to Medical Needs

Plaintiff's remaining claim is against Defendant Hunt, for failing to respond to Plaintiff's request for medical attention after his arrest. At the time this claim arose, Plaintiff was a pretrial detainee in the custody of the Collinsville Police Department.

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). "A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

> In order to sustain a § 1983 claim for violation of [a detainee's] Fourteenth Amendment due process right to adequate medical care, the plaintiff must show that: (1) [detainee] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating her; and (3) this indifference caused her some injury. *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999).

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

As to the first component, Plaintiff has not shown that he had an "objectively serious medical condition" at the time of his arrest. His only allegation of physical injury was that he felt

pain in his lower back upon being tackled by Defendant Davis. This is not the type of injury that would be "so obvious that even a lay person [such as Defendant Hunt] would perceive the need for a doctor's attention." *See Hayes*, 546 F.3d at 522. It appears from Plaintiff's complaint that his disc and sciatic nerve conditions were not diagnosed until some time after the incident, and it is not clear from the complaint whether these conditions were caused by being tackled by Defendant Davis, being hit by the pickup truck, or some other injury.

In addition, to state a claim for deliberate indifference, Plaintiff must show that the defendant was subjectively "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff does not allege that Hunt was aware that Plaintiff may have had a serious condition placing him at risk of serious harm, nor does Plaintiff outline any facts that would support such a conclusion.

Finally, Plaintiff does not allege that Hunt's failure to act caused Plaintiff any bodily injury; he claims only that Hunt "caused [him] severe emotional distress" (Doc. 1, p. 7). The Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prisoner Litigation Reform Act ("PLRA"), strictly limits an inmate's recovery for mental or emotional injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e). Plaintiff's complaint does not make the required showing of physical injury.

In sum, Plaintiff has failed to allege any of the necessary elements to state a constitutional claim for deliberate indifference to his medical needs on the part of Hunt.

Accordingly, this claim must be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice to Plaintiff bringing this claim in state court. Defendants **DAVIS, LOCHMANN, THROM** and **BERTELS** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted and is **DISMISSED** with prejudice. Defendant **HUNT** is **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED this_27_day of June, 2011

                                          s/ MICHAEL J. REAGAN
                                          MICHAEL J. REAGAN
                                          United States District Judge